**RODNEY S. DIGGS, ESQ. (SBN 274459)**
rdiggs@imwlaw.com
**ANTONIO K. KIZZIE, ESQ. (SBN 279719)**
akizzie@imwlaw.com
**YALDA PAYDAR (SBN 326081)**
ypaydar@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**
444 S. Flower St., Suite 1800
Los Angeles, CA 90071
Tel: (213) 489-0028; Fax: (213) 489-0552

Attorneys for Plaintiffs, **VIRGINIA "VICKY" ZARAGOZA, an individual, and F.C., a minor, by and through her Guardian Ad Litem, JASMINE MUNOZ, an individual**

**BREANNE N. WESCHE, ESQ.** (SBN: 306273)
breanne@thegalvanlawfirm.com
**THE GALVAN LAW FIRM, PLLC**
6420 Richmond Avenue, Suite 332
Houston, TX 77057

Attorneys for Plaintiff **L.S.C., a minor, by and through her Guardian Ad Litem, NANCY GONZALEZ, an individual**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA "VICKY" ZARAGOZA, an individual, F.C., a minor, by and through her Guardian Ad Litem, JASMINE MUNOZ, an individual, and L.S.C., a minor, by and through her Guardian Ad Litem, NANCY GONZALEZ, an individual<br><br>*Plaintiffs,*<br><br>vs.<br><br>COUNTY OF RIVERSIDE, a municipal entity, and DOES 1-10, Inclusive,<br><br>*Defendants.* | CASE NO.: 20-cv-01381 JGB (SP)<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. **EXCESSIVE FORCE (42 U.S.C. § 1983)**<br>2. **DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)**<br>3. **SUBSTANTIVE DUE PROCESS/INTERFERENCE WITH FAMILIAL RELATIONS (42 U.S.C. § 1983)**<br>4. **UNLAWFUL SEIZURE-DETENTION & ARREST- (42 U.S.C. § 1983)**<br>5. **VIOLATION OF RIGHT TO EQUAL PROTECTION- 14th AMENDMENT/42 U.S.C. § 1983**<br>6. **MONELL LIABILITY—RATIFICATION; INADEQUATE TRAINING; and** |

1

) UNCONSTITUTIONAL
) CUSTOM, PRACTICE, AND
) POLICY (42 U.S.C. § 1983)
) 7. BATTERY/ASSAULT-
) WRONGFUL DEATH (Cal.
) Government Code §§ 815.2(a),
) 820(a); Cal. Civil Code § 43
) 8. NEGLIGENCE-WRONGFUL
) DEATH, NEGLIGENT
) ENTRUSTMENT, HIRING,
) SUPERVISION, AND/OR
) RETENTION (Cal. Government
) Code §§ 815.2(a), 820(a); Cal.
) Civil Code § 43)
) 9. VIOLATION OF THE BANE
) ACT (CAL. CIV. § 52. 1)
) 10. VIOLATION OF THE RALPH
) ACT (CAL. CIV. § 51. 7)
) 11. INTENTIONAL INFLICTION
) OF EMOTIONAL DISTRESS
)
) **DEMAND FOR JURY TRIAL**
)

COME NOW PLAINTIFFS VIRGINIA "VICKY" ZARAGOZA, individually and as mother to MR. ANDREW CUEVAS ("MR. CUEVAS" or "DECEDENT"), deceased, F.C., minor child of MR. CUEVAS, by and through her Guardian Ad Litem, JASMINE MUNOZ, and L.S.C., minor child of MR. CUEVAS, by and through her Guardian Ad Litem, NANCY GONZALEZ, an individual ("PLAINTIFFS, collectively"), who allege as follows:

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from Defendants THE COUNTY OF RIVERSIDE ("COUNTY") and DOE DEPUTIES 1-10, Inclusive, ("Defendants," collectively) for violating various rights under the United States Constitution and state law in connection with

2

Defendants' egregious November 16, 2019 fatal shooting of MR. ANDREW CUEVAS, resulting in unlawful deprivation of Plaintiffs' familial relations with Decedent, in addition to Plaintiffs' serious, ongoing mental, physical, and emotional damages, pain and suffering in an amount to be determined at trial.

## JURISDICTION AND VENUE

2.    Venue and jurisdiction is proper in this Court because the parties reside in and all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California.

3.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3)-(4) because this civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitutions.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

4.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

5.    At all relevant times herein, MS. VIRGINIA "VICKY" ZARAGOZA, an individual, ("MS. ZARAGOZA") was an individual residing in or near the City of Azusa, California in the County of Los Angeles.

6.    At all relevant times herein, MR. ANDREW CUEVAS ("Decedent") was Plaintiff MS. ZARAGOZA's son, whom Ms. Zaragoza loved dearly, and was also residing in the City of Azusa, County of Los Angeles, California.

7.    At all relevant times herein, L.S.C. ("PLAINTIFF L.S.C.") was a minor and MR. CUEVA's biological daughter, was residing in the City of La Puente, County of Los Angeles, California and is represented here by and through

her natural mother and Guardian Ad Litem, MS. NANCY GONZALEZ ("MS. GONZALEZ"), an individual.

8.     At all relevant times herein, F.C. ("PLAINTIFF F.C.") was a minor and MR. CUEVA's biological daughter, was residing in the City of West Covina, County of Los Angeles, California, and is represented here by and through her natural mother and Guardian Ad Litem, MS. JASMINE MUNOZ ("MS. MUNOZ"), an individual.

9.     At all relevant times herein, Defendant COUNTY OF RIVERSIDE (hereinafter "COUNTY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY had possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY OF RIVERSIDE Sheriff's Department, and its tactics, methods, practices, customs and usage. At all relevant times, COUNTY OF RIVERSIDE was the employer of Defendants DOE DEPUTIES 1-10 who were COUNTY OF RIVERSIDE deputies, police officers, managerial, supervisorial, and policymaking employees of COUNTY OF RIVERSIDE Sheriff's Department.

10.     At all times mentioned herein and material hereto, Defendant DOE DEPUTIES 1-10, individuals, ("DOE DEPUTIES") were engaged in law enforcement as a police officer, deputy sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant COUNTY, duly employed as police officer or sheriff's deputy by the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT, who were acting in the course and scope of his employment all times relevant to the acts and omissions herein alleged.

11.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that

information becomes known to them. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

12.    Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

13.    On information and belief, at all relevant times, Defendant DOE DEPUTIES 1-10 were residents of the COUNTY OF RIVERSIDE, California.

14.    At all relevant times, Defendant DOE DEPUTIES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as Sheriff's deputies and within the complete authority and ratification of their principal, Defendant COUNTY.

15.    At all relevant times, Defendants DOE DEPUTIES 1-10 were duly appointed deputies/officers and/or employees or agents of Defendant COUNTY, subject to oversight and supervision by Defendant COUNTY's elected and non-elected officials.

16.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE DEPUTIES 1-10 were acting on the implied and actual permission and consent of Defendant COUNTY.

17.    At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

18.    At all relevant times, Defendants DOE DEPUTIES 1-10 were working for Defendant COUNTY as sheriff's deputies.

19.    Plaintiffs filed comprehensive and timely Claims for Damages ("Claim") with DEFENDANT COUNTY OF RIVERSIDE pursuant to applicable sections in the California Government Code and California Civil Code.

20.    Plaintiffs' claims with Defendant COUNTY were rejected.

21.    Accordingly, Plaintiffs have timely complied with all relevant and applicable statutes of limitations and claims filing requirements to assert causes of action against the herein Defendants.

22.    Additionally, on November 18, 2020, Plaintiff F.C., was granted relief from California Government Tort Claim Act filing requirements by the Superior Court (Case No. COC 20044081). Accordingly, Plaintiff F.C. has timely complied with all relevant and applicable statutes of limitations and claims filing requirements to assert causes of action against the herein Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

23.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24.    Prior to November 16, 2019, Plaintiff Virginia "Vicky" Zaragoza ("MS. ZARAGOZA") was Mr. CUEVAS' mother.

25.    Prior to November 16, 2019, Plaintiff L.S.C. was and is a minor and MR. CUEVA's natural biological daughter.

26.     Plaintiff F.C. a minor, was born on May 1, 2020, and is MR. CUEVA's natural biological daughter.

27.     On November 16, 2019, MR. CUEVAS resided in or near the City of La Puente, CA, but was in the City of Lake Elsinor.

28.     On November 16, 2019 at approximately 5:30 p.m., MR. CUEVAS was not armed with any weapon or a threat to anyone nor engaging in any crime.

29.     Upon information and belief, when Defendant DOE DEPUTIES 1-10 ("DOE DEPUTIES"), who were employed as sheriffs deputies of the Defendant COUNTY OF RIVERSIDE, arrived they had no information that MR. CUEVAS had threatened or was a threat to anyone or had committed any crime. Upon information and belief, Defendant DOE DEPUTIES 1-10 had no information sufficient to establish reasonable suspicion to detain MR. CUEVAS and/or probable cause to suspect that MR. CUEVAS had engaged, was engaging, or was about to engage in any crime.

30.     Upon information and belief, it was apparent or should have been apparent to DEFENDANT DOE DEPUTIES 1 -10 that MR. CUEVAS was mentally ill and in need of medical treatment and medical assistance.

31.     Upon information and belief and contrary to Defendant DOE DEPUTIES 1-10 training, including training regarding appropriate use of deadly force and engaging mentally ill citizens, they negligently assessed the circumstances presented to them, and then violently confronted MR. CUEVAS purposely or negligently unnecessarily aggravating and escalating the situation before them.

32.     Without warning, Defendant DOE DEPUTIES 1-10 proceeded to assault and batter Decedent by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of MR. CUEVAS, inflicting a gunshot wound(s), which proved to be fatal.

33.     Following the shooting, the involved Defendant DOE DEPUTIES 1-10 denied medical care to MR. CUEVAS in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, MR. CUEVAS died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant DOE DEPUTIES 1-10.

34.     At no time during the course of these events did MR. CUEVAS pose any reasonable or credible threat of death or serious bodily injury to Defendant DOE DEPUTIES 1-10, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, MR. CUEVAS posed no immediate threat of death or serious bodily injury to Defendant DOE DEPUTIES 1-10, nor to any other individual.

35.     Both prior to and during the time in which he was shot dead, MR. CUEVAS made no aggressive movements, no furtive gestures, never pointed a weapon at any Defendant DOE DEPUTIES 1- 10, and made no physical movements which would suggest to a reasonable sheriff's deputy or police office that he had the will, or the ability to inflict bodily harm against any individual.

36.     Both prior to and during the time in which Defendant DOE DEPUTIES 1-10 shot and killed MR. CUEVAS, Defendant DOE DEPUTIES 1-10 were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that MR. CUEVAS posed an immediate threat of death or bodily injury to any person.

37.     Despite the aforementioned conduct, Defendant COUNTY ratified, acquiesced, or otherwise turned a blind eye to Defendant DOE DEPUTIES'1-10 misconduct, and allowed Defendant DOE DEPUTIES 1-10 to remain a sheriff's deputy with Defendant COUNTY, which was a substantial and proximate cause of

this incident and Plaintiffs' damages. Upon information and belief, Defendant DOE DEPUTIES 1-10 displayed and acted with racial animus against Decedent in using deadly force in retaliation for and/or to prevent them from exercising their rights to free speech and to be free from excessive force.

38.    As a result of Defendant DOE DEPUTIES'1-10 aforementioned misconduct, Plaintiffs claim and are entitled to damages for past, current and ongoing economic and noneconomic damages including, but not limited to, funeral and burial expenses, loss of economic support from MR. CUEVAS, extreme and severe emotional distress, mental, physical, and emotional pain and suffering/damages, anguish, pain, and deprivation of the life-long love, companionship, comfort, support, society, care, and sustenance of MR. CUEVAS, and will continue to be so deprived for the remainder of their natural lives, all to their damage in a sum to be determined at trial.

## FIRST CAUSE OF ACTION
### EXCESSIVE FORCE (42 U.S.C. § 1983)
### (PLAINTIFFS L.S.C. and F.C. against all DOE DEPUTIES DEPUTIES 1 through 10, Inclusive)

39.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.    At all times relevant to the acts and omissions herein alleged, Defendant DOE DEPUTIES 1-10 were employed by the Defendant COUNTY of RIVERSIDE as law enforcement officers, and were acting under color of law and in the course and scope of their employment with the COUNTY of RIVERSIDE Sheriff's Department.

41.    This cause of action is brought on behalf of decedent ANDREW CUEVAS, by and through his Successors in Interest, Plaintiffs L.S.C. and F.C., who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to decedent ANDREW CUEVAS by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person. At all relevant times herein Plaintiffs were dependent upon ANDREW CUEVAS for the necessities of life including love, mental, emotional and financial support, companionship, etc.

42.    Upon information and belief, when Defendant DOE DEPUTIES 1-10 ("DOE DEPUTIES"), who were employed as sheriffs deputies of the Defendant COUNTY OF RIVERSIDE, arrived they had no information that MR. CUEVAS had threatened or was a threat to anyone or had committed any crime. Upon information and belief, Defendant DOE DEPUTIES had no information sufficient to establish reasonable suspicion to detain MR. CUEVAS and/or probable cause to suspect that MR. CUEVAS had engaged, was engaging, or was about to engage in any crime.

43.    Upon information and belief, it was apparent or should have been apparent to DEFENDANT DOE DEPUTIES 1 - 10 that MR. CUEVAS was mentally ill and in need of medical treatment and medical assistance.

44.    Upon information and belief and contrary to Defendant DOE DEPUTIES training, including training regarding appropriate use of deadly force and engaging mentally ill citizens, they negligently assessed the circumstances presented to them, and then violently confronted MR. CUEVAS purposely or negligently unnecessarily aggravating and escalating the situation before them.

45.     Without warning, Defendant DOE DEPUTIES proceeded to assault and batter Decedent by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of MR. CUEVAS, inflicting a gunshot wound(s), which proved to be fatal.

46.     Following the shooting, the involved Defendant DOE DEPUTIES denied medical care to MR. CUEVAS in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, MR. CUEVAS died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant DOE DEPUTIES.

47.     At no time during the course of these events did MR. CUEVAS pose any reasonable or credible threat of death or serious bodily injury to Defendant DOE DEPUTIES, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, MR. CUEVAS posed no immediate threat of death or serious bodily injury to Defendant DOE DEPUTIES, nor to any other individual.

48.     Both prior to and during the time in which he was shot dead, MR. CUEVAS made no aggressive movements, no furtive gestures, never pointed a weapon at any Defendant DOE DEPUTIES 1 -10, and made no physical movements at any Defendant DOE DEPUTIES 1 - 10, which would suggest to a reasonable sheriff's deputy or police officer that he had the will, or the ability to imminently inflict bodily harm against any individual.

49.     Both prior to and during the time in which Defendant DOE DEPUTIES shot and killed MR. CUEVAS, Defendant DOE DEPUTIES were not faced with any circumstances which would have led a reasonable sheriff's deputy

to believe that MR. CUEVAS posed an immediate threat of death or bodily injury to any person.

50.     As a result of DEFENDANTS' conduct, DECEDENT suffered severe and ongoing mental, physical, and emotional pain and suffering including, but not limited to, physical pain, grief, anguish, fear, anxiety, trauma, loss of life, etc. in an amount according to proof at trial.

51.     As a result of the misconduct of DEFENDANT DOE DEPUTIES 1-10, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

52.     This use of deadly force was excessive and unreasonable under the circumstances DOE DEPUTIES 1-10's actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment. As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of MR. CUEVAS, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

53.     The conduct of DOE DEPUTIES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to each and every aforementioned individual Defendant.

54.     Plaintiffs also seek and are entitled to reasonable attorneys' fees under this claim pursuant to 42 U.S.C. § 1988.

///

///

///

///

## SECOND CAUSE OF ACTION
### DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)
### (PLAINTIFFS L.S.C. and F.C. against DOE DEPUTIES 1 through 10, Inclusive)

55.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.     At all times relevant to the acts and omissions herein alleged, Defendant DOE DEPUTIES 1-10 were employed by the Defendant COUNTY of RIVERSIDE as law enforcement officers, and were acting under color of law and in the course and scope of their employment with the COUNTY of RIVERSIDE Sheriff's Department.

57.     This cause of action is brought on behalf of decedent ANDREW CUEVAS, by and through his Successors in Interest, Plaintiffs L.S.C. and F.C., who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to decedent ANDREW CUEVAS by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person. At all relevant times herein Plaintiffs were dependent upon ANDREW CUEVAS for the necessities of life including love, mental, emotional and financial support, companionship, etc.

58.     Upon information and belief, when Defendant DOE DEPUTIES 1-10 ("DOE DEPUTIES"), who were employed as sheriffs deputies of the Defendant COUNTY OF RIVERSIDE, arrived they had no information that MR. CUEVAS had threatened or was a threat to anyone or had committed any crime. Upon information and belief, Defendant DOE DEPUTIES had no information sufficient

to establish reasonable suspicion to detain MR. CUEVAS and/or probable cause to suspect that MR. CUEVAS had engaged, was engaging, or was about to engage in any crime.

59.   Upon information and belief, it was apparent or should have been apparent to DEFENDANT DOE DEPUTIES 1 through 10 that MR. CUEVAS was mentally ill and in need of medical treatment and medical assistance.

60.   Upon information and belief and contrary to Defendant DOE DEPUTIES training, including training regarding appropriate use of deadly force and engaging mentally ill citizens, they negligently assessed the circumstances presented to them, and then violently confronted MR. CUEVAS purposely or negligently unnecessarily aggravating and escalating the situation before them.

61.   Without warning, Defendant DOE DEPUTIES proceeded to assault and batter Decedent by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of MR. CUEVAS, inflicting a gunshot wound(s), which proved to be fatal.

62.   Following the shooting, the involved Defendant DOE DEPUTIES denied medical care to MR. CUEVAS in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, MR. CUEVAS died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant DOE DEPUTIES.

63.   At no time during the course of these events did MR. CUEVAS pose any reasonable or credible threat of death or serious bodily injury to Defendant DOE DEPUTIES, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, MR. CUEVAS posed no immediate

threat of death or serious bodily injury to Defendant DOE DEPUTIES, nor to any other individual.

64.    Both prior to and during the time in which he was shot dead, MR. CUEVAS made no aggressive movements, no furtive gestures, never pointed a weapon at any Defendant DOE DEPUTIES 1 - 10, and made no physical movements which would suggest to a reasonable sheriff's deputy or police office that he had the will, or the ability to inflict bodily harm against any individual.

65.    Both prior to and during the time in which Defendant DOE DEPUTIES shot and killed MR. CUEVAS, Defendant DOE DEPUTIES were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that MR. CUEVAS posed an immediate threat of death or bodily injury to any person.

66.    Following the aforementioned conduct, DEFENDANT DOE DEPUTIES 1-10 knew or should have known that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need demonstrating deliberate indifference and delayed and/or prevented medical providers from providing treatment to DECEDENT, causing him great bodily harm, pain and death.

67.    As a result, DECEDENT suffered severe and ongoing mental, physical, and emotional pain and suffering including, but not limited to, physical pain, grief, anguish, fear, anxiety, trauma, loss of life, etc. in an amount according to proof at trial.

68.    As a result of the misconduct of DEFENDANT DOE DEPUTIES 1-10, they are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

69.     As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of MR. CUEVAS, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

70.     The conduct of DOE DEPUTIES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to each and every aforementioned Individual Defendant.

71.     Plaintiffs also seek and are entitled to reasonable attorneys' fees under this claim pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

### SUBSTANTIVE DUE PROCESS/INTERFERENCE WITH FAMILIAL RELATIONS AND FREEDOM OF ASSOCIATION- 42 U.S.C. § 1983 (ALL PLAINTIFFS against DOE DEPUTIES 1 through 10, Inclusive)

72.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73.     This cause of action is brought by Plaintiffs MS. ZARAGOZA, Decedent's mother, L.S.C., Decedent's natural minor daughter, and F.C., Decedent's natural minor daughter, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States, including, but not limited to, Plaintiffs' right to substantive due process and privacy, Plaintiffs' right to associate with her son, MR. CUEVAS, Plaintiffs' right to enjoy the care, companionship, familial relationship, and society of MR. CUEVAS, and Plaintiffs' right to be free from arbitrary and unreasonable governmental intrusions into her familial relations with MR. CUEVAS.

74.     Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their father and son, DECEDENT.

75.     At all times relevant to the acts and omissions herein alleged, Defendant DOE DEPUTIES 1-10 were employed by the Defendant COUNTY as law enforcement officers, and were acting under color of law and in the course and scope of their employment with the DEFENDANT COUNTY OF RIVERSIDE Sheriff's Department.

76.     On November 16, 2019, MR. CUEVAS resided in or near the City of Lake Elsinor, CA.

77.     On November 16, 2019, MR. CUEVAS was not armed with any weapon or a threat to anyone.

78.      Upon information and belief, when Defendant DOE DEPUTIES 1-10 ("DOE DEPUTIES"), who were employed as sheriff's deputies of the Defendant COUNTY OF RIVERSIDE, arrived they had no information that MR. CUEVAS had threatened or was a threat to anyone or had committed any crime. Upon information and belief, Defendant DOE DEPUTIES had no information sufficient to establish reasonable suspicion to detain MR. CUEVAS and/or probable cause to suspect that MR. CUEVAS had engaged, was engaging, or was about to engage in any crime.

79.     Upon information and belief, contrary to Defendant DOE DEPUTIES training they negligently assessed the circumstances presented to them, and then violently confronted MR. CUEVAS.

80.     Without warning, Defendant DOE DEPUTIES proceeded to assault and batter DECEDENT by acts which included, but were not limited to, repeatedly

17

and unjustifiably discharging their department-issued firearms at the person of MR. CUEVAS, inflicting several gunshot wounds, which proved to be fatal.

81.     Following the shooting, the involved Defendant DOE DEPUTIES denied medical care to MR. CUEVAS in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, MR. CUEVAS died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant DOE DEPUTIES.

82.     At no time during the course of these events did MR. CUEVAS pose any reasonable or credible threat of death or serious bodily injury to Defendant DOE DEPUTIES, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, MR. CUEVAS posed no immediate threat of death or serious bodily injury to Defendant DOE DEPUTIES, nor to any other individual.

83.     Both prior to and during the time in which he was shot dead, MR. CUEVAS made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy or police office that he had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which Defendant DOE DEPUTIES shot and killed MR. CUEVAS, Defendant DOE DEPUTIES were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that MR. CUEVAS posed an immediate threat of death or bodily injury to any person.

84.     Despite the aforementioned conduct, Defendant COUNTY ratified, acquiesced, or otherwise turned a blind eye to Defendant DOE DEPUTIES' misconduct, and allowed Defendant DOE DEPUTIES to remain a sheriff's deputy with Defendant County, which was a substantial and proximate cause of this

incident and Plaintiffs' damages. Upon information and belief, Defendant DOE DEPUTIES displayed and acted with racial animus against Decedent in using deadly force in retaliation for and/or to prevent Decedent from exercising his rights to free speech and to be free from excessive force.

85.   As a result of DEFENDANT DOE DEPUTIES' aforementioned misconduct, Plaintiffs claim and are entitled to damages for past, current and ongoing economic and noneconomic damages including, but not limited to, funeral and burial expenses, loss of economic support from MR. CUEVAS, extreme and severe emotional distress, mental, physical, and emotional pain and suffering/damages, anguish, pain, and deprivation of the life-long love, companionship, comfort, support, society, care, and sustenance of MR. CUEVAS and will continue to be so deprived for the remainder of their natural lives, all to their damage in a sum to be determined at trial.

86.   DEFENDANT DOE DEPUTIES 1-10 unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment. The force used against DECEDENT was unreasonable to arrest or prevent escape or to overcome resistance. DECEDENT was unarmed, did not pose an imminent threat of death or serious bodily injury, was not resisting arrest or detention, was not attempting to escape arrest or detention, was not a suspect in a crime, did not commit a crime, and never threatened anyone either physically or verbally

87.   At all relevant times herein, Defendant DOE DEPUTIES 1 -10 were faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the constitutional rights of MR. CUEVAS and Plaintiffs and/or with a purpose to harm unrelated to any legitimate law enforcement

objective and in a manner that shocks the conscience when they used deadly and excessive force against MR. CUEVAS.

88.     As a result, Defendant DOE DEPUTIES 1-10 deprived Plaintiffs of the rights, privileges, and/or immunities secured to them by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, Plaintiffs' right to substantive due process and privacy, Plaintiffs' right to associate with her son/father, MR. CUEVAS, Plaintiffs' rights to enjoy the care, companionship, familial relationship, and society of her son/father, and Plaintiffs' right to be free from arbitrary and unreasonable governmental intrusions into their family unit and familial relations.

89.     Plaintiffs are informed, believes, and thereupon alleges that in committing the acts and omissions described in this Complaint, DOE DEPUTIES 1-10 acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiffs and Plaintiffs' decedent of their federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, and with purpose to harm unrelated to any legitimate law enforcement objective thereby warranting punitive and exemplary damages against DOE DEPUTIES 1-10 in an amount to be proven at the trial of this matter.

90.     As a direct and proximate result of the wrongful acts and omissions of Defendant DOE DEPUTIES 1-10, MR. CUEVAS was shot and killed on November 16, 2019, and Plaintiffs were hereby deprived of their constitutional right to a familial relationship with MR. CUEVAS. As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of MR. CUEVAS, Plaintiffs have incurred funeral and burial expenses, loss of gifts and benefits and loss of financial support.

91.     As a further direct and proximate result of the wrongful acts and omissions of Defendant DOE DEPUTIES 1-10, Plaintiffs have suffered and will continue to suffer extreme and severe emotional distress, mental anguish, and pain, and has been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of MR. CUEVAS and will continue to be so deprived for the remainder of their natural lives, all to their damage in a sum to be determined at trial.

92.     Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

93.     Decedent's successors-in-interest seek wrongful death damages under this claim.

### FOURTH CAUSE OF ACTION

### UNLAWFUL SEIZURE- DETENTION & ARREST - (42 U.S.C. § 1983) (PLAINTIFFS L.S.C. and F.C. against DOE DEPUTIES 1 through 10, Inclusive)

94.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth herein.

95.     At all times relevant to the acts and omissions herein alleged, Defendant DOE DEPUTIES 1-10 were employed by the Defendant COUNTY of RIVERSIDE as law enforcement officers, and were acting under color of law and in the course and scope of their employment with the COUNTY of RIVERSIDE Sheriff's Department.

96.     This cause of action is brought on behalf of decedent ANDREW CUEVAS, by and through his Successors in Interest, Plaintiffs L.S.C. and F.C., who would, but for his death, be entitled to bring this cause of action, and is set

forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to decedent ANDREW CUEVAS by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person. At all relevant times herein Plaintiffs were dependent upon ANDREW CUEVAS for the necessities of life including love, mental, emotional and financial support, companionship, etc.

97.   At all times relevant herein, MR. CUEVAS had a constitutionally afforded right against unlawful detentions which are unreasonable due to no reasonable suspicion that MR. CUEVAS committed any crime and/or unreasonable in time and/or manner which are unnecessarily painful, degrading, harmful, intrusive, or prolonged.

98.   Additionally, at all times relevant herein, MR. CUEVAS had a constitutionally afforded right against unlawful arrests based on no objective probable cause that MR. CUEVAS committed any crime.

99.   Upon information and belief, when Defendant DOE DEPUTIES 1-10 ("DOE DEPUTIES"), who were employed as sheriffs deputies of the Defendant COUNTY OF RIVERSIDE, arrived they had no information that MR. CUEVAS had threatened or was a threat to anyone or had committed any crime. Upon information and belief, Defendant DOE DEPUTIES had no information sufficient to establish reasonable suspicion to detain MR. CUEVAS and/or probable cause to suspect that MR. CUEVAS had engaged, was engaging, or was about to engage in any crime.

100.   Upon information and belief in the instant case, DECEDENT's detention was unlawful because it was unreasonable in time and/or manner unnecessarily painful, degrading, harmful, intrusive, humiliating, prolonged, and not justified under the circumstances.

101.   Upon information and belief, the DEFENDANTS unreasonably detained MR. CUEVAS in a fearsome, degrading, prolonged, intimidating, intrusive, and embarrassing manner despite no reasonable belief that DECEDENT was armed, verbally or physically resisting them, attempting to flee or a threat of death or serious bodily harm to the DEFENDANTS. This use of force and authority made it clear that MR. CUEVAS was not free to go and was instead being detained as a criminal when MR. CUEVAS committed no crime.

102.   The aforementioned facts of DECEDENT's unreasonable detention and search directly and proximately caused DECEDENT general and special damages in an amount to be determined at trial.

103.   The conduct of DEFENDANT DOE DEPUTIES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. CUEVAS and, therefore, warrants the imposition of exemplary and punitive damages as to each and every aforementioned Defendant.

104.   Accordingly, DEFENDANT DOE DEPUTIES 1-10 each are liable to Plaintiffs for compensatory damages, costs and attorneys' fees under 42 U.S.C. § 1988.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF RIGHT TO EQUAL PROTECTION- 14th AMENDMENT-**
**(42 U.S.C. § 1983)**
**(PLAINTIFFS L.S.C. and F.C. against DOE DEPUTIES 1 through 10,**
**Inclusive)**

105.   Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 104 of this Complaint with the same force and effect as if fully set forth herein.

106. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 90 of this Complaint with the same force and effect as if fully set forth herein.

107. At all times relevant to the acts and omissions herein alleged, Defendant DOE DEPUTIES 1-10 were employed by the Defendant COUNTY of RIVERSIDE as law enforcement officers, and were acting under color of law and in the course and scope of their employment with the COUNTY of RIVERSIDE Sheriff's Department.

108. This cause of action is brought on behalf of decedent ANDREW CUEVAS, by and through his Successors in Interest, Plaintiffs L.S.C. and F.C., who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to decedent ANDREW CUEVAS by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person. At all relevant times herein Plaintiffs were dependent upon ANDREW CUEVAS for the necessities of life including love, mental, emotional and financial support, companionship, etc.

109. At all times relevant herein, MR. CUEVAS had a right to equal protection under the law as afforded and provided by the Fourteenth Amendment and protected by the same and 42 U.S.C. § 1983.

110. Upon information and belief, DEFENDANT DOE DEPUTIES 1-10, Inclusive chose to use and/or used excessive force against and/or otherwise violated MR. CUEVAS' rights and treated MR. CUEVAS differently in retaliation for MR. CUEVAS' exercising of their right to be free of excessive force, police misconduct, liberty and free movement.

111.   Upon information and belief, a substantial and motivating reason for the DEFENDANT DOE DEPUTIES 1 through 10 use of excessive force, unlawful detention and unlawful arrest was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or misfortune of the Decedent and Plaintiff because of MR. CUEVAS', age, race, national origin, clear and apparent vulnerability due to his mental illness in reckless disregard of MR. CUEVAS' rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

112.   Upon information and belief, Defendants DOE DEPUTIES 1 through 10 have prior complaints and history of using excessive force, engaging in dishonesty and conduct indicative of racial prejudice and bias.

113.   Despite the aforementioned conduct, Defendant COUNTY ratified, acquiesced, or otherwise turned a blind eye to such misconduct, and allowed Defendant DOE DEPUTIES 1 through 10 to remain a sheriff's deputy with Defendant COUNTY, which was a substantial and proximate cause of this incident and MR. CUEVAS' damages.

114.   The conduct DEFENDANT DOE DEPUTIES 1 through 10  was willful, wanton, malicious, and with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT DOE DEPUTIES 1 through 10.

115.   As a result of their misconduct, DEFENDANTS DOE DEPUTIES 1 through 10  are liable for DECEDENT'S physical, mental, and emotional injuries, either because they were integral participants in the excessive force and equal protection deprivation, or because they failed to intervene to prevent these violations.

116.   The aforementioned acts and omissions of Defendants DOE DEPUTIES 1 through 10, and each of them, were a direct and proximate cause of which warrant the awarding of compensatory and special damages in a sum according to proof. Plaintiffs also seek costs and attorney's fees as provided by 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION
### MUNCIPAL LIABILITY-42 U.S.C. § 1983- RATIFICATION, INADEQUATE TRAINING, UNCONSTITUTIONAL CUSTOM, POLICY, OR PRACTICE
### (PLAINTIFFS L.S.C. and F.C. against Defendant COUNTY)

117.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 116 of this Complaint with the same force and effect as if fully set forth herein.

118.   DEFENDANT DOE DEPUTIES 1-10, inclusive, acted under color of law with authority as law enforcement officers from Defendant COUNTY.

119.   The acts of DEFENDANT DOE DEPUTIES 1-10, inclusive deprived Decedent and Plaintiffs of their particular rights under the United States Constitution and aforementioned statutes.

120.   Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DEFENDANT DOE DEPUTIES 1-10, inclusive, ratified (or will ratify DEFENDANTS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts of these defendants.

121.   Upon information and belief, a final policy maker determined DEFENDANTS' unconstitutional actions were "within policy" and ratified their acts alleged herein.

122.   Upon information and belief, the training policies of Defendant

26

COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, especially as it relates to de-escalating situations involving mentally-ill persons.

123.   Upon information and belief, Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately as it relates to de-escalating situations involving mentally-ill persons.

124.   Upon information and belief, the failure of Defendant COUNTY to provide adequate training caused the deprivation of the plaintiff's rights by DEFENDANTS; that is, the COUNTY's failure to train is so closely related to the deprivation of the Plaintiffs' and DECEDENTS' rights as to be the moving force that caused the ultimate injury. Specifically, DEFENDANT COUNTY failed to train or ensure that Defendants remained compliant with DEFENDANT COUNTY training to not use excessive force resulting in unlawful interference with Plaintiffs' familial relations, and to not detain persons without reasonable suspicion or arrest persons without probable cause or escalate situations involving mentally-ill persons.

125.   Upon information and belief, DEFENDANTS, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)   Using excessive force;

(b)   Providing inadequate training regarding the use of force, especially as it relates to de-escalating situations involving mentally-ill persons;

(c)   Employing and retaining as police officers individuals such as DEFENDANTS, who Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)   Inadequately supervising, training, controlling, assigning, and

disciplining deputies, and other personnel, including DEFENDANTS, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY officers/deputies and DEFENDANT DOE DEPUTIES 1-10;

(f) Failing to adequately discipline COUNTY deputies, including DEFENDANTS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified uses of excessive force are "within policy," including incidents that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police excessive force incidents,

28

including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

126.   The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are further evidenced by the number of prior shootings, which constituted excessive force, involving police officers working for the County of Riverside Sheriff's Department.

127.   Moreover, on information and belief, this is not DEFENDANT DOE DEPUTIES 1-10's first complaint or lawsuit alleging excessive force.  Following these previous incidents, Defendant COUNTY failed to terminate DEFENDANTS, adequately discipline or retrain DEFENDANTS, or otherwise protect the public from DEFENDANTS. As a result of these actions and omissions, Decedent and Plaintiffs were injured and sustained mental, physical and emotional injuries.

128.   DEFENDANT COUNTY and DOE DEPUTIES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFFS AND DECEDENT, and other individuals similarly situated.

129.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANT acted with intentional, reckless, and callous disregard for Plaintiff's and DECEDENT'S constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOE DEPUTIES 1-10 were

affirmatively linked to and were a significantly influential force behind the injuries of Plaintiffs and Decedent.

130.   On information and belief, there knowingly exists a secret group, society, fraternity, clique, and/or gang of police officers in the County of Riverside Sheriff's Department that encourages, condones, ratifies, and/or otherwise turns a blind eye to acts of violence and other police misconduct against citizens, especially citizens of color as demonstrated in the subject incident.

131.   On information and belief, DEFENDANT DOE DEPUTIES 1-10, and each of them, are a member of a secret group, society, fraternity, clique, and/or gang of police officers in the County of Riverside Sheriff's Department that encourages, condones, ratifies, and/or otherwise turns a blind eye to acts of violence and other police misconduct against citizens, especially citizens of color as demonstrated in the subject incident.

132.   By reason of the aforementioned acts and omissions, DECEDENT and PLAINTIFFS have suffered and hereby claims past and ongoing economic and noneconomic mental, physical, and emotional pain and suffering/damages. Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

133.   Accordingly, Defendant COUNTY is directly liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

134.   Plaintiffs also seeks attorneys' fees under 42 U.S.C. § 1988 as to this claim.

///

///

///

///

30

## <u>SEVENTH CAUSE OF ACTION</u>
### BATTERY BY A POLICE OFFICER AND ASSAULT- WRONGFUL DEATH
### (PLAINTIFFS L.S.C. and F.C. against Defendant DOE DEPUTIES DEPUTY 1 through 10, inclusive)

135.   Plaintiffs refer to and re-allege each and every allegation contained in paragraphs 1-134 of this complaint, and by reference incorporates the same herein and makes each a part hereof.

136.   At the aforementioned date, time and place, Defendants, and each of them, assaulted and battered DECEDENT and used unreasonable force as DECEDENT at no time was an imminent threat of death or serious bodily harm to any Defendant nor was committing any crime nor fleeing or resisting lawful arrest or detention for any crime.

137.   DECEDENT did not consent to Defendants' wrongful, harmful, and offensive touching and neither was Defendants' touching privileged.

138.   By reason of the acts aforesaid, Decedent was placed in great fear for his safety and physical and emotional wellbeing and died.

139.   COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

140.   The aforementioned acts of DEFENDANTS, and each of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of exemplary and punitive damages in a sum according to proof.

141.  PLAINTIFFS are seeking survival damages and wrongful death damages, including but not limited to past and future economic and noneconomic

damages. PLAINTIFFS also seek reasonably attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

### EIGHTH CAUSE OF ACTION
### NEGLIGENCE-WRONGFUL DEATH, NEGLIGENT ENTRUSTMENT, HIRING, SUPERVISION, AND/OR RETENTION (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)

### (PLAINTIFFS L.S.C. and F.C. against All Defendants)

142.   Plaintiffs refer to and re-alleges each and every allegation contained in paragraphs 1-141 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

143.   On information and belief and sometime prior to this incident, Defendants COUNTY knew, or in the exercise of due care, should have known, that DEFENDANT DOE DEPUTIES 1 - 10, and each of them, had a propensity, character trait, and practice, while purporting to act under color of law, for violence, dishonesty and prevarication, especially against persons of color and mentally ill persons.

144.   At all times mentioned herein, Defendants COUNTY knew, or in the exercise of due care, should have known that the afore described traits of character, practices and propensities of DEFENDANTS, and each of them, made them unfit to serve as peace officers and would cause harm and injury to members of the public, including persons in the custody of said Defendants.

145.   At all times mentioned herein, DEFENDANTS had a duty under the law to not unlawfully detain, unlawfully arrest, unlawfully search and/or use excessive force under the United States Constitution, all State and Federal laws.

146.   Notwithstanding such knowledge, Defendants COUNTY negligently, carelessly and recklessly, employed, retained and failed to properly supervise, train and control DEFENDANTS, and each of them, inclusive, as peace officers and

assigned said Defendants to duties which enabled each of them to make illegal arrests, fabricate probable cause and crimes, and use excessive force while purporting to act under the color of law.

147. As a proximate result of the negligence and carelessness of Defendants, and each of them, DECEDENT suffered mental anguish, physical pain and suffering, emotional distress and financial losses, all to the Plaintiffs' damage in a sum according to proof.

148. Further, DEFENDANT COUNTY is responsible for the actions, inactions and damages caused by DEFENDANTS under *respondeat superior* including, but not limited to under California Govt. Code § 815.2, 820, and 825.

149. Sheriff's Deputies, including DEFENDANT DOE DEPUTIES 1-10, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort. These duties also include providing proper training and equipment to officers so that they may perform their duties in accordance with the department policies, properly investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

150. The DEFENDANTS breached their duty of care to DECEDENT and every citizen by engaging in the conduct alleged herein. Upon information and belief, the actions and inactions of DEFENDANTS were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to use force against Decedent;

(b) the negligent tactics and handling of the situation with Decedent, especially as a mentally-ill person, including pre-shooting negligence;

(c) the negligent scope and manner of the seizure and use of force, against DECEDENT;

(d) the failure to properly train and supervise employees, both professional and non-professional, including DOE DEPUTIES 1-10, inclusive;

(e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of Decedent, especially as a mentally-ill person;

(f) the negligent handling of evidence, witnesses, and the negligent investigation of the shooting of DECEDENT; and

(g) the failure to punish, re-train, terminate, and/or prosecute violators of Department policies and the law.

151.   As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT and PLAINTIFFS were caused to suffer severe past and future mental and physical pain and suffering, loss of enjoyment of life, loss of income and lost earning capacity. DECEDENT was also caused to suffer substantial harm including but not limited to past and future pain and suffering. In other words, the DEFENDANTS' negligence was a substantial factor in causing PLAINTIFFS' and DECEDENT's harm.

152.   At all relevant times, DECEDENT was not an immediate threat of death or serious bodily injury to anyone, including DEFENDANTS, no warning was given that deadly force was going to be used prior to the use of deadly force, and less than lethal alternatives were available to DEFENDANTS.

153.   Further, DECEDENT'S harm, specifically being shot by the DEFENDANTS when DECEDENT was unarmed, and was not a suspect in any crime, ordinarily would not have happened unless DEFENDANTS were negligent.

34

154.   The harm caused by DEFENDANTS was caused by something that only the DEFENDANTS controlled. The DEFENDANTS had control over their firearms, as well as had control over the tactical decisions made during the interaction.

155.   Upon information and belief, DECEDENT did not in any way cause or contribute to the events that harmed him. Finally, the DEFENDANTS were extremely reckless and negligent when they used deadly force and shot at DECEDENT despite no basis in law and fact to do so.

156.   DEFENDANTS' violation of the law as stated was a substantial factor in bringing about DECEDENT's harm.

157.   DEFENDANT COUNTY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability. PLAINTIFFS also seeks attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

### NINTH CAUSE OF ACTION
**VIOLATION OF THE BANE ACT (CAL. CIV. § 52. 1)**
**(By PLAINTIFFS L.S.C. and F.C. against All Defendants)**

158.   Plaintiffs refer to and re-allege each and every allegation contained in paragraphs 1 through 157 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

159.   On or about the above stated dates, and sometime prior thereto, DEFENDANTS and each of them violated DECEDENT'S civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California through the aforementioned conduct of shooting at

and killing DECEDENT, thereby providing a civil cause of action against defendants under California Civil Code Section 52.1.

160.   DEFENDANTS, while working as officers for the COUNTY, and acting within the course and scope of their official duties, interfered with or specifically intended and attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

161.   Indeed, even after knowing or having reason to know that DECEDENT's rights were violated, Defendants doubled down on the aforementioned acts involving violence, coercion or intimidation by continuing to use violence against DECEDENT and being deliberately indifferent to Decedent's medical needs.

162.   On information and belief, DEFENDANTS seized, searched, arrested, used force against and/or injured DECEDENT to prevent DECEDENT from exercising his rights or to retaliate against DECEDENT for having exercised his rights.

163.   As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiffs suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorneys' fees and costs provided by Civil Code section 52.1(h).

164.   DEFENDANT COUNTY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

165.   PLAINTIFFS also seeks attorneys' fees and costs provided by Civil Code section 52.1

## TENTH CAUSE OF ACTION
### VIOLATION OF THE RALPH ACT (CAL. CIV. § 51. 7)
### (By PLAINTIFFS L.S.C. and F.C. against All Defendants)

166.   Plaintiffs refer to and re-allege each and every allegation contained in paragraphs 1 through 165 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

167.   On or about the above stated dates, and sometime prior thereto, DEFENDANTS and each of them violated DECEDENT 's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby providing a civil cause of action against defendants under California Civil Code Section 51.7.

168.   DEFENDANTS, while working as officers for the COUNTY, and acting within the course and scope of their official duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

169.   On information and belief, DECEDENT reasonably believed that if he exercised her constitutional rights to be free from unreasonable seizures, arrests, searches, and/or excessive force DEFENDANTS would commit acts involving violence, threats, coercion or intimidation against his person.

170.   On information and belief, DEFENDANTS seized, searched, arrested, used force against and/or injured DECEDENT to prevent DECEDENT F from exercising his rights or to retaliate against DECEDENT for having exercised her rights.

171.   Upon information and belief, a substantial and motivating reason for the DEFENDANTS use of excessive force, unlawful detention, search and arrest was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or

misfortune of the PLAINTIFF because of DECEDENT's age, race, national origin, clear and apparent vulnerability due to mental illness in reckless disregard of DECEDENT's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

172.   As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiffs suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).

173.   DEFENDANT CITY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

### ELEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (By PLAINTIFFS L.S.C. and F.C. against All Defendants)

174.   Plaintiffs hereby restate and incorporate by reference paragraphs 1 through 173 as though set forth in full herein.

175.   The above acts and omissions of DEFENDANTS were done with knowledge that DECEDENT was particularly susceptible to mental and emotional distress by virtue of DECEDENT's age, race, size and vulnerability due to mental illness.

176.   DEFENDANTS were officers who were acting in the course and scope of their employment and on behalf of Defendant COUNTY with all requisite authority conferred upon them by Defendant COUNTY.

177.   DEFENDANTS knew or had reason to know that their aforementioned unprivileged acts and omissions would cause DECEDENT severe and ongoing mental and emotional distress. The above-mentioned acts were

committed by DEFENDANTS were extreme and outrageous with willful intention and/or reckless disregard that DECEDENT or the probability that DECEDENT would suffer severe emotional and mental distress as a result knowing that DECEDENT was present when the conduct occurred.

178.   By virtue of DEFENDANTS' positions and employment, Defendants COUNTY knew of or reasonably should have known of, authorized, adopted, approved and/or ratified DEFENDANTS' wrongful, unlawful and unconstitutional conduct before, during and/or after it occurred.   Plaintiffs are informed and believes and thereon alleges that the aforementioned acts and omissions of DEFENDANTS was willful, malicious, intentional, oppressive, knowingly false and were done in willful and conscious disregard of DECEDENT's rights thereby justifying the award of punitive damages against DEFENDANTS and each of them.

179.   DEFENDANTS knew or should have known that severe emotional distress would result from their conduct; or DEFENDANTS gave little or no thought to the probable effects of their conduct.

180.   As police officers, Defendants abused a position of authority or arelationship that gave DEFENDANTS real or apparent power to affect DECEDENT's interests;

181.   As a direct and proximate result of the DEFENDANTS' actions, DECEDENT sustained severe mental and emotional distress, thereby justifying an award of compensatory, special and punitive damages in an amount to be proven at trial.

182.   DEFENDANTS aforementioned conduct as a substantial factor in causing DECEDENT's severe emotional distress.

Case 5:20-cv-01381-SSS-SP   Document 21   Filed 12/02/20   Page 40 of 41   Page ID #:162

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against DEFENDANTS, inclusive, as follows and/or a jury trial:

A.      For compensatory and special damages in an amount to be proven at trial;

B.      For loss of wages and earning capacity;

C.      For punitive damages against the individual defendants in an amount to be proven at trial;

D.      For statutory damages;

E.      For interest;

F.      For reasonable attorneys' fees, including litigation expenses;

G.      For costs of suit;

H.      For mental, emotional, physical past, present and future pain and suffering and reasonable costs of medical care;

I.      For burial, funeral expenses and loss of financial support; and

J.      For such further other relief as the Court may deem just, proper, and appropriate.

Dated: December 2, 2020         **IVIE McNEILL WYATT**
                                **PURCELL & DIGGS, APLC**

                        By:     ***/s/ Rodney S. Diggs***
                                **RODNEY S. DIGGS**
                                **ANTONIO K. KIZZIE**
                                **YALDA PAYDAR**
                                Attorneys for Plaintiffs
                                **VIRGINIA "VICKY" ZARAGOZA, et.al.**

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: December 2, 2020        **IVIE McNEILL WYATT**
                               **PURCELL & DIGGS, APLC**


                   By:   ***/s/ Rodney S. Diggs***
                         **RODNEY S. DIGGS**
                         **ANTONIO K. KIZZIE**
                         **YALDA PAYDAR**
                         Attorneys for Plaintiffs
                         **VIRGINIA "VICKY" ZARAGOZA, et.al.**