UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:20-cv-01381-SSS-SPx | Date | January 17, 2024 |
|---|---|---|---|
| Title | *Virginia Vicky Zaragoza, et al. v. County of Riverside, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) AMENDED ORDER TO SHOW CAUSE AFTER FINAL PRETRIAL CONFERENCE**

At the Final Pretrial Conference hearing, the Court ordered Plaintiffs' counsel to show cause why they should not be sanctioned $250.00 for four violations of the Local Rules and the Civil Trial Order.  Upon further consideration, the Court adds the following modifications and clarification.

1. With respect to Defendants' *motions in limine*, Plaintiffs' counsel indicated at the hearing that they met and conferred with Defendants' counsel but came to an impasse.  Plaintiffs' counsel's response, however, suggested they did not participate in a good-faith, substantive discussion with Defendants' counsel or even respond to Defendants' counsel's request to meet and confer.

   In light of Plaintiffs' counsels' representations, the attorneys responsible for filing the oppositions to Defendants' motions *in limine* are **ORDERED TO SHOW CAUSE** in writing as to why they should not be separately sanctioned $250.00 for failing to respond to Defendants' counsel's meet-and-confer correspondence dated December 6, 2023.  This written response must identify (1) the attorney responsible for handling the respective opposition and who participated in that meet-and-confer

conference, (2) the date they responded to Defendants' counsel correspondence, (3) the date the conference was held, (4) the manner in which the conference was held, (5) the specific issues that were discussed, and (6) the specific issues the parties were unable to resolve.

2. With respect to Plaintiffs' motions *in limine*, their counsel—Rodney S. Diggs, Ryan C. C. Duckett, and Breanna Galvan—represent the following: "**Statement of Local Rule 7-3 Compliance:** This Motion is made following the conference of counsel pursuant to Local Rule 7-3," [Dkt. 128 at 6; Dkt. 130 at 3], and "Statement of Local Rule 7-3 Compliance: This Motion is raised following the conference of counsel, pursuant to Local Rule 7-3," [Dkt. 129 at 3]. At the hearing, however, Defendants' counsel represented that Plaintiffs' counsel never attempted to meet and confer regarding the issues raised in their motions *in limine*. The Court is concerned that Plaintiffs' counsel did not properly meet and confer regarding their motions *in limine*.

   Accordingly, the attorneys responsible for each respective motion *in limine* is **ORDERED TO SHOW CAUSE** as to why they should not be separately sanctioned $250.00 for failing to meet and confer with Defendants' counsel on the issues raised in their motions. This written response must identify (1) the attorney responsible for handling the respective motion and who participated in that meet-and-confer conference, (2) the date they contacted Defendants' counsel to meet and confer, (3) the date the conference was held, (4) the manner in which the conference was held, (5) the specific issues that were discussed, and (6) the specific issues the parties were unable to resolve.

3. Again, with respect to Plaintiffs' motions *in limine*, these motions were due on December 29, 2023, the parties' stipulated deadline. [Dkt. 89]. Plaintiffs, however, filed all their motions *in limine* on December 30, 2023. [Dkt. 128-30]. Accordingly, the attorneys responsible for the filing of these motions are **ORDERED TO SHOW CAUSE** in writing as to why they should not be separately sanctioned $250.00 for failing to file these motions on time.

4. With respect to the second round of trial filings, these documents were due December 22, 2023, according to the parties' stipulated deadline. [Dkt. 79 at 2]. It seems that because the parties could not come to an agreement, they filed separate trial filings. Plaintiffs' second round of trial filings were filed

on December 29, 2023. [Dkt. 116, 122-27]. Plaintiffs' counsel at the hearing represented they did not know why they were filed late. Nevertheless, to give them one more opportunity to respond, the attorneys responsible for handling their second round of trial filings are **ORDERED TO SHOW CAUSE** in writing as to why they should not be separately sanctioned $250.00 for failing to file these trial filings on time.

5. With respect to appearances at the Final Pretrial Conference, the Civil Standing Order demands that "[l]ead trial counsel shall attend any proceeding before this Court," including the Final Pretrial Conference. [Dkt. 68 at 8]. The Civil Standing Order warned counsel that "[f]ailure of lead counsel to appear for [the Final Pretrial Conference] is a basis for sanctions." [*Id.*]. The Civil Trial Order likewise demands that "[e]ach party appearing in this action must be represented at the FPTC by lead trial counsel." [Dkt. 65 at 4]. Local Rule 16-8 demands no less: Each party appearing at the Final Pretrial Conference shall be represented by the attorney (or the party, if appearing *pro se*) who is then contemplated to have charge of the conduct of the trial on behalf of such party."

    Plaintiffs' counsel, James C. Bryant, represented that he is co-lead counsel[1] and that co-lead counsel, Rodney S. Diggs—the attorney who has seemingly been operating as lead counsel throughout this case and whose name appears on all of Plaintiffs' pleadings—had a personal matter to attend to. Plaintiffs' counsel, Ryan C. C. Duckett, added that Diggs was out of the country. However, Diggs did not seek leave of court to not appear at the Final Pretrial Conference hearing or to have his recently-added co-lead counsel appear alone. Given that this Court's Civil Standing Order, Civil Trial Order, and Local Rule 16-8 demand that lead counsel appear for the Final Pretrial Conference, Diggs is **ORDERED TO SHOW CAUSE** in writing as to why he should not be sanctioned $250.00 for failing to appear at the Final Pretrial Conference.

---

[1] The Court notes that Bryant filed his Notice of Appearance on December 20, 2023, only 23 days before the Final Pretrial Conference hearing. [Dkt. 107].

      The Court cautions Plaintiffs' counsel that conclusory, vague, and unspecified responses will not satisfy their obligations under this order. All of Plaintiffs' counsels' separate responses are continued from **January 19, 2023**, to **January 26, 2023**, to provide them with adequate time to file their written responses. Failure to comply with this order in substance and in time will result in separate, additional sanctions.

      **IT IS SO ORDERED.**